UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES D. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. MACILVAINE, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00468 OWW SMS P<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS AGAINST DEFENDANT MACILVANE<br><br>(Doc. 1) |

I.Screening Order

A.Screening Requirement

Plaintiff Charles D. Williams ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 11, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Although plaintiff is no longer incarcerated, he was in prison when he filed this suit.

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Claims

The claims in this action arise from plaintiff's arrest while on parole. Plaintiff alleges that on June 18, 2004, defendant MacIlvaine, a parole officer, questioned him and after learning that plaitniff lived nearby, said he had seen plaintiff the previous night smoking marijuana. Plaintiff denied that he had been smoking marijuana, but MacIlvane arrested him. Plaintiff alleges that MacIlvane told him that every time plaintiff is seen in the area he will be arrested. Plaintiff alleges that he was taken to the Sheriff's Department and then released about thirty minutes later with the instruction to report to his parole officer by 5:00 p.m. Plaintiff alleges he was unable to contact his parole officer because the parole officer had left for the day and was unable to contact him over the next week because he was never at his desk. Plaintiff alleges he was being violated for nothing more

than where he lived and he was afraid to go home because MacIlvane told him he could not be in the area. On July 1, 2004, plaintiff was arrested and charged with possession and use of marijuana, absconding parole supervision, failure to report to Parole and Community Services Division, and failure to attend the Parole Outpatient Clinic. Plaintiff alleges that he did not have a parole hearing until September 23, 2004, eighty-four days after his arrest. Plaintiff alleges that the charges of possession and use of marijuana were dropped at the hearing.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Although plaintiff names fifteen defendants, only Goeker, plaintiff's parole officer, and MacIlvane, the parole officer who arrested him on June 18, 2004, are linked in the complaint to any actions or omissions. Accepting as true plaintiff's allegations, plaintiff's complaint states a claim against defendant MacIlvane for arresting him without reasonable suspicion, in violation of the Fourth Amendment, and for discriminating against him in violation of the Equal Protection Clause of the Fourteenth Amendment. However, plaintiff has not alleged facts which give rise to a claim for relief under section 1983 against defendant Goeker, and has not alleged any facts linking any of the named defendants to his due process claim stemming from his allegedly untimely parole hearing.

///

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

With the exception of defendant R. Vazquez, who was the hearing officer, there are no facts in the complaint indicating that any of the remaining named defendants were personally involved in the alleged deprivation of plaintiff's rights. Given that the defendants include Governor Arnold Schwarzenegger and other individuals holding high-level management positions with the California Department of Corrections and Rehabilitation and the Board of Prison Terms, it appears that plaintiff is attempting to impose liability upon them in their officials capacities. Plaintiff is precluded from doing so.

This is a damages action. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). This bar also precludes suits for damages against state officials in their officials capacities. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Absent some allegation of personal involvement, defendants Schwarznegger, Perez, Hickman, Stoll, Stevens, Rimmer, Daly, Angele, Lawin, Welch, Cater, and Fisher are entitled to Eleventh Amendment immunity from suit and are not "persons" under section 1983. Will, 491 U.S. at 71.

C.   Conclusion

The court finds that plaintiff's complaint states claims against defendant MacIlvane under section 1983 for violation of the Fourth Amendment and Equal Protection Clause of the Fourteenth Amendment. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendant MacIlvane on his Fourth Amendment and Equal Protection Clause claims only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff one summons and one USM-285 form to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendant MacIlvane.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the court in this order, or

    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant MacIlvane on his Fourth Amendment and Equal Protection Clause claims; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **June 6, 2006**                               /s/ Sandra M. Snyder
icido3                                                        UNITED STATES MAGISTRATE JUDGE